THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY *et al.*

*v.*

JOHN EININGER.

*Filed at Ottawa May 15, 1885.*

1. NEGLIGENCE—*to whom a want of care may be imputed—as, in the case of a boy under age.* Where there is no evidence of the want of capacity or discretion in a minor plaintiff suing a railway company for a personal injury from negligence, and he is present at the trial, and it appears that he was of such age and ability to care for himself as to be trusted by his parents to attend school in a large city, a considerable distance from home, and to go and return by himself, it was held error to instruct the jury that if they believed, from the evidence, that the plaintiff, at the time and place of the injury, was of such tender years, and was so immature, that the requisite capacity to exercise proper care was wanting, then the law would not impute negligence to him. While the same degree of care might not have been required of him as from a person of mature years, it can not be said that no negligence could be attributed to him.

2. SAME—*duty of railway to keep a flagman at a street crossing—as to persons not crossing the railroad, but walking along the track.* In a suit by a plaintiff, against a railway company, to recover for an injury received from a passing train at a public street crossing,—not in attempting to cross the track along the street, but while unlawfully walking along the track as a footway,—it was held error to instruct the jury that if the injury happened because of there being no flagman at the railroad crossing to give warning to those about to cross the street and railroad track of the approach of a train at the crossing, contrary to a city ordinance, then the plaintiff was entitled to recover.

3. A requirement of a railway company to keep a flagman at a public street crossing in a large city, to give warning of the approach of trains, is intended for the protection of persons crossing the railroad tracks at such crossing, and not for the benefit of persons walking along the railroad track, employing it as a foot-path. To the latter the company does not owe the duty in respect to a flagman.

4. SAME—*attempting to board a train while in motion.* In an action against a railway company to recover damages for a personal injury, on the ground of negligence, alleged to consist in not ringing a bell or sounding a whistle, in not having a flagman at the street crossing, and in running the train at a greater speed than six miles an hour, the company asked an instruction, based on evidence, as follows: "The jury are instructed, as a matter of law, that if, from the evidence, they believe that the injury to the plaintiff

114 79
133 73
114 79
35a 351
36a 424
114 79
138 383
114 79
140 342
141 628
114 79
44a 58
114 79
54a 97
56a 199
114 79
69a 560
114 79
76a 677
114 79
77a 71
114 79
82a 463
114 79
88a 244
114 79
190 ¹161
114 79
196 ¹423
e196 ¹426
d196 ¹427
101a ³114
114 79
210 ⁵44

was caused by his attempting to climb upon the train in question while the same was in motion, then he is not entitled to recover." The court refused to give the instruction as asked, but modified it by inserting after the word "motion," the words, "and that he was injured in consequence of his own negligence," and gave it as modified: *Held,* that the court erred in refusing to give the instruction as asked, and in modifying the same.

5. Evidence—*excluding part of a conversation.* In a suit against a railway company to recover for an injury by a passing train at a street crossing, the court admitted in evidence what a witness at the time said to the defendant's flagman in giving him, as the witness said, "quite a little talking to," and then excluded the flagman's reply that "the boy was hitching," it being contended that he was injured in attempting unlawfully to climb upon one of the cars while in motion: *Held,* that after admitting what the witness said to the flagman, it was error to exclude his reply.

Appeal from the Appellate Court for the First District;—heard in the court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Mr. Thomas F. Withrow, and Mr. James C. Hutchins, for the appellant the Chicago, Rock Island and Pacific Railway Company, and Mr. Cyrus D. Roys, and Mr. Pliny B. Smith, for the appellant the Lake Shore and Michigan Southern Railway Company:

The rights of a lawful traveler and of a railroad company, at a public street, are mutual, and dependent upon each other. The traveler must exercise his right of crossing as expeditiously as possible, and in the proper manner. To such an one the railroad owes the duties imposed by law, of bell, or whistle, or flagman, but to no other. So a failure to observe these duties is not negligence as against any other than a lawful traveler upon the highway. It owes no such duty to one trespassing upon its property and violating the law. *Blodgett* v. *City of Boston,* 8 Allen, 327; *Tigbe* v. *City of Lowell,* 119 Mass. 472; *Railroad Co.* v. *Backus,* 55 Ill. 379; *Chicago* v. *Starr,* 42 id. 174; *Railroad Co.* v. *Hall,* 72 id. 222.

In the case of a trespasser, the defendant is liable only for willful negligence. *Railroad Co.* v. *Jacobs,* 20 Ill. 478; *Rail-*

*road Co.* v. *Godfrey,* 17 id. 500; *Railroad Co.* v. *Hetherington,* 83 id. 510; *Railroad Co.* v. *McKenna,* 14 Bradw. 472.

Age can not supply the negligence of the defendant. If the plaintiff was injured in attempting to climb upon the train while in motion, he can not recover, whether old or young, unless the company was willfully negligent. And if there is no negligence, there can be no liability, no matter how severe the injury, or whether the party injured was capable of exercising care for his safety or not.· *Railroad Co.* v. *Stumps,* 53 Ill. 367.

The declaration alleged that the plaintiff exercised ordinary care, and the jury should have been instructed that it was his duty to have exercised such care. "Ordinary care" means the care and caution ordinarily exercised by persons of common prudence. *Railroad Co.* v. *Miller,* 25 Mich. 274; *Railroad Co.* v. *Lee,* 68 Ill. 576; *Railroad Co.* v. *Johnson,* 103 id. 512; *Railroad Co.* v. *McKenna,* 14 Bradw. 472; *Railway Co.* v. *Wallace,* 110 Ill. 114; *Honeysberger* v. *Railroad Co.* 40 N. Y. 574.

As to what is negligence in a person attempting to cross a railroad, see *Miller's case,* 76 Ill. 280; *Gretzner's case,* 46 id. 86; *Manly's case,* 58 id. 306; *Damerell's case,* 81 id. 454; *Hetherington's case,* 83 id. 515; *Bell's case,* 70 id. 106; *Lee's case,* 68 id. 585; *Dimick's case,* 96 id. 45; *Austin's case,* 91 id. 35; *Sutherland's case,* 2 Bradw. 313; *Rudell's case,* 100 Ill. 610.

The statements of the flagman after the injury, were improperly given in evidence. *Railroad Co.* v. *Riddle,* 60 Ill. 53; *Railroad Co.* v. *Martin,* 11 Bradw. 386; *Railroad Co.* v. *Carrow,* 73 Ill. 348; *Railroad Co.* v. *Gougar,* 55 id. 503.

Mr. Edgar Terhune, for the appellee:

What would be negligence on the part of an adult, would not be considered such in the plaintiff. *Thurbar* v. *Railroad Co.* 60 N. Y. 326; *Dowley* v. *Railroad Co.* 90 id. 670.

It must be remembered that the word "negligence" presupposes a mental capacity, and an ample opportunity to judge evil and danger, and reason from cause to effect.

But counsel claim that the plaintiff did not exercise all of the care which could be charged to him, because the evidence does not show that he looked and listened. In every instance, in the cases cited in support of that view, the party guilty of negligence was an adult, or of mature intellect and experience, and the cases cited are so manifestly inapplicable as to render further comment unnecessary.

The failure to keep a flagman, and to give notice of danger, as required by the ordinance, make out, *prima facie*, a case of negligence. *Railroad Co.* v. *Payne*, 59 Ill. 542.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action in case, for an injury received upon what are alleged to be the tracks of the defendants, the Chicago, Rock Island and Pacific Railway Company, and the Lake Shore and Michigan Southern Railway Company, by an engine and train of the Chicago and Alton Railway Company. The plaintiff recovered, the judgment was affirmed by the Appellate Court for the First District, and the present appeal taken to this court. The plaintiff sues as a minor, by his next friend.

The accident occurred at about four o'clock in the afternoon, in the city of Chicago. The train causing the injury was a freight train. The claim of the declaration is, that the plaintiff received his injury while, with all due care, he was walking along Twenty-fourth street, at a crossing of the same and the railroad track of the defendants. The defendants insist that the plaintiff was attempting, wrongfully, to climb upon the train, and slipped under one of the cars, thus receiving his injury, his leg being run over and broken. The tracks run north and south. Twenty-fourth street runs east

and west. The train was running south. The undisputed evidence shows that the plaintiff went upon the private right of way of defendants at Polk street, a considerable distance north of Twenty-fourth street, and walked south from Polk street, along the track, to near Twenty-fourth street; that he lived still further south, and was walking in a southerly direction.

The fourth instruction given for the plaintiff was:

"If the jury believe, from the evidence in this case, that the plaintiff was, at the time and place when the alleged injury is in the declaration alleged to have occurred, of such tender age, and was so immature, that the requisite capacity to exercise proper care was wanting, then the law will not impute negligence to him."

It was error to give this instruction. There was no evidence as to the age or capacity or discretion of the plaintiff introduced, more than that witnesses spoke of him as a little boy. He was, however, present in court at the trial. It appeared that he was of such age, and ability to care for himself, as to be intrusted by his parents to attend school in a large city, at a considerable distance from home, and to go and return by himself. He was, at the time, on his return from school. There was nothing in the case tending to show that negligence was not imputable to the plaintiff by reason of his incapacity to exercise care, and such a question should not have been submitted, by instruction, to the jury. The same degree of care might not have been required from the plaintiff as from a person of mature years, but the idea that no negligence at all could be imputable to him, was inadmissible.

The fifth instruction was to the effect that if the injury happened because of there being no flagman at the railroad crossing at Twenty-fourth street, to give warning to those about to cross the street and railroad track, of the approach

of a train of cars to the crossing, contrary to the city ordinance, then the plaintiff was entitled to recover. Evidence on the part of the defendants showed that at the time plaintiff was struck, he was traveling laterally along and upon the railroad right of way, for his own convenience. Under such circumstances, plaintiff was not a lawful traveler upon the highway. To such an one the railroad company does not owe the duty in respect to a flagman. Flagmen are for the protection of persons crossing railroad tracks, and are not for the benefit of persons walking along and upon a railroad track, employing it as a foot-path. This instruction was calculated to mislead in this respect, and should not have been given.

The defendants asked the court to give the following instruction to the jury:

"The jury are instructed, as a matter of law, that if, from the evidence, they believe that the injury to the plaintiff was caused by his attempting to climb upon the train in question while the same was in motion, then he is not entitled to recover, and your verdict should be for the defendants."

The court refused to do so, but modified the instruction as asked, by inserting in the line next to the last, after the word "motion," the words, "*and that he was injured in consequence of his own negligence,*" and as thus modified, gave the instruction to the jury. The defendants were liable only for negligence. Negligence is the breach of a duty which one owes to another. The only acts of negligence charged against the defendants were, not ringing a bell or sounding a whistle, not having a flagman at the crossing, and running at a greater rate of speed than six miles an hour,—and there was no evidence tending to prove any other. The defendants owed no such duty as the breach of is here charged, to any trespasser attempting to climb upon their trains. There was nothing of a willful or wanton character on the part of the defendants

in producing the injury pretended. The wrongful climbing upon the train was, further, in violation of the law of the State, punishable by fine or imprisonment. (Rev. Stat. 1874, chap. 114, secs. 50, 56, p. 810.) The instruction as asked was correct, and should have been given, pure and simple. (*Illinois Central Railroad Co.* v. *Hetherington,* 83 Ill. 510; *Chicago and Northwestern Railroad Co.* v. *Scates,* 90 id. 586.) There was evidence in the case which required the giving of the instruction, if it was correct. The modification of the instruction took from it all its point as an instruction, and rendered it confusing and misleading to the jury. The mischief of the modification becomes the more palpable when taken in connection with the fourth instruction for the plaintiff, which has been considered, suggesting that the jury might find that plaintiff, by reason of his immature years, could not be guilty of negligence of any kind.

We will rest with passing upon such instructions as we have, without considering others objected to; but this is not to be taken as an approval of the latter.

The court, against objection, permitted the witness Prussing to state what he said to the flagman in giving him "quite a little talking to," as the witness phrased it, and then the court excluded the reply the flagman made, that "the boy was hitching." After admitting what the witness said to the flagman, it was error to exclude the latter's reply.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*