### John L. Robards v. The Wabash Railway Co.

|        |        |
| ------ | ------ |
| 84     | 477    |
| 99     | ²409   |
| 84     | 477    |
| s194s  | 361    |

1. HARMLESS ERROR—*Erroneous Ruling upon a Demurrer.*—Where a demurrer is erroneously sustained, but the party is permitted to introduce, and has the benefit of all the evidence that could have been admitted under any of the counts to which the demurrer was sustained, the erroneous ruling upon the demurrer is cured and becomes a harmless error.

2. RAILROAD CROSSINGS—*Injuries at.*—The rule regulating the right of the public to the use of streets and highways at railroad crossings, and of the remedy to persons injured thereat, while in the exercise of ordinary care, by the negligence of the railroad company, does not apply to trespassers upon the right of way, unless the act of the railroad company was willful, wanton, intentional or reckless.

Action in Case, for personal injuries. Trial in the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Verdict and judgment for defendant by direction of the court; error by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

ROBERT H. PATTON and CHARLES McGAVIN, attorneys for plaintiff in error.

GEO. B. BURNETT, attorney for defendant in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Plaintiff in error brought suit in case against the defendant in error, charging negligence, whereby he was injured. At the close of all the evidence, at the instance of the defendant, the court instructed the jury to find the issues for the defendant, and, a motion for a new trial having been overruled by the court, final judgment was given against the plaintiff in bar of the action and for costs, to reverse which this writ of error is prosecuted. The errors urged upon our attention are chiefly that the court erred in sustaining the demurrer to certain counts of the declaration, and in such instruction to the jury. As to the first error we think the plaintiff in error was upon the trial permitted to introduce and had the benefit of all the evidence that could have been admitted under any of the counts to which the demurrer was sustained, and if error occurred in this respect it did the plaintiff no harm, and, under the oft-repeated decision of the Supreme Court, such errors will not reverse.

It appears from the evidence that plaintiff, not being an employe of the defendant, went upon the right of way of the defendant and pursued a journey from Eleventh and Division streets in the city of Springfield to the place where he was engaged at work. He walked between the tracks nearly three blocks to the place where the railroad crossed Lincoln street, at which place he was overtaken by the train that hurt him, and there, instead of remaining between the tracks, after discovering the train, where he would have been in safety, or passing over the opposite track, which he could safely have done, he attempted to cross the track on which the train was moving, and was struck by it and injured. There was conflict in the evidence as to the excess of the speed of the train above that allowed by the ordinances of the city, and as to the sounding of whistle or bell, but the plaintiff testified, while he

was yet between the tracks he discovered the train approaching, and feeling that he was in close quarters, jumped across the track in front of the train and was thereby injured.  At the crossing of streets and public highways by railroads the public have the right to use such highways, and if, while in the exercise of ordinary care, a person is injured while in such use, by the negligence of the railroad, the injured person will have a right to recover.  In this case the plaintiff was not in the use of the street as such, but was, in fact, pursuing a journey upon the right of way of the defendant, which at the point of injury happened to cross the street, where he was not in any proper sense using the street to cross the railroad, but attempting to cross the street upon the railroad as a part of the journey he had wrongfully undertaken, and in this respect we think he was guilty of gross negligence; and his conduct, after discovering the train, in leaving a place of safety between the tracks and jumping in front of the moving train was little less than recklessness, which, combined with his act of traveling upon the railroad, create such degree of gross negligence on his part as would bar any recovery for the injury he received under any pleading that could be framed, unless the act of defendant was willful, wanton, intentional, or reckless; and in view of the fact that plaintiff was not upon the track or in any perilous situation whatever when the engineer discovered him, and he could not reasonably have expected him to jump in front of the train, from the whole evidence, there can be no just claim there was either willful, wanton, intentional or reckless acts or conduct upon the part of the employes of the defendant, whereby the plaintiff was injured, and finding no reversible error, the judgment of the Circuit Court will be affirmed.