## Edward Rowden, Administrator, Appellee, v. Chicago & Alton Railroad Company, Appellant.

1. NEGLIGENCE—*duty of railroad company to person seeking to cross its tracks at a street crossing after having been a trespasser upon its right of way.* Whatever may be the status of a person upon the right of way of a railroad company, when such person reaches a street and there attempts to cross the track of the company upon the crossing provided for that purpose, the company owes to such person the same duty that it owes to any traveller upon such street at said crossing.

2. EVIDENCE—*when erroneous admission ground for reversal.* If evidence is offered for the purpose of establishing a basis for liability and being received and allowed to stand could not have the effect of leading the jury to believe that it formed a basis for liability, its admission and retention in a close case constitutes ground for reversal.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed December 7, 1910.

PATTON & PATTON, for appellant; SILAS H. STRAWN, of counsel.

HAMILTON & CATRON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

The main track and two side tracks, one on each side of said main track, of the defendant railroad company run in a northerly and southerly direction through the city of Auburn, and cross among others, Madison, Monroe, Jackson and Van Buren streets at grade and at about right angles. From Van Buren street north to a point near the defendant's depot the distance between the main track and the east side track was 21 feet 7 inches, and the ground between said tracks was smooth and level. During a portion of the

evening of August 25, 1908, the plaintiff's intestate, Chester W. Rowden, a boy of the age of about 14 years, and one Carl Landis, a boy of about the same age, had been riding their bicycles up and down the strip of ground between the main track and the east side track from Van Buren street to a point near the depot. During the time they were there the two boys with others were attracted to a "bunk car," located on defendant's right of way east of the east side track and immediately north of Van Buren street, by instrumental music performed by some laborers in the employ of the defendant. After remaining at said "bunk car" a short time the two boys remounted their bicycles and rode north on the strip of ground between the main track and the east side track, the deceased riding in advance of his companion, Landis. When the deceased reached Jackson street he turned west on said street, and while he was crossing defendant's main track where it crossed said street he was struck by a fast north bound freight train and instantly killed. Upon the trial in the court below the case was submitted to a jury upon four counts of the declaration charging respectively negligence in operating the train at a high and dangerous rate of speed across Jackson street; a breach of duty in exceeding the speed limit prescribed by the city ordinance; a breach of duty to maintain a bright and conspicuous light on the forward end of the locomotive as required by the city ordinance; and a failure to perform the statutory duty to ring a bell or blow a whistle for at least 80 rods before reaching the crossing. The trial resulted in a verdict and judgment against the defendant for $3,500, to reverse which judgment this appeal is prosecuted.

It is first urged that the evidence fails to tend to prove that the deceased was in the exercise of due care for his own safety at and before the time that he went on the track, and fails to tend to show any breach of any duty owed by the defendant to the deceased which proximately caused his death, and that the court

therefore erred in refusing to give to the jury the peremptory instruction offered by the defendant. The insistence that the defendant owed no duty to the deceased when the latter was struck and killed at the street crossing is necessarily predicated upon the theory that as the deceased was a trespasser while riding on his bicycle between Van Buren and Jackson streets he must be held to have been a trespasser when he reached Jackson street, unless it appears from the evidence that he had previously formed an intention to cross defendant's track on Jackson street when he reached said street. It is uncontroverted that the tracks of the defendant could not be crossed by one riding a bicycle except at the street crossing. The only fact in evidence bearing upon the intention of the deceased to cross the tracks of the defendant at the Jackson street crossing consists of his conduct in attempting to cross said tracks when he reached said street crossing. Whatever may have been the status of the deceased prior to his reaching Jackson street, when he reached said street and there attempted to cross the track of the defendant upon the crossing established for that purpose the defendant owed to him the same duty that it owed to any traveler upon said street at said crossing. McGuire v. C. & E. I. R. R. Co., 120 Ill. App. 111; Sample v. C. B. & Q. R. R. Co., 233 Ill. 564; Robards v. Wabash Ry. Co., 84 Ill. App. 477; C. C. C. & St. L. Ry. Co. v. Hibsman, 99 Ill. App. 405, and C. R. I. & P. R. R. Co. v. Eininger, 114 Ill. 79, relied upon by counsel for defendant are clearly distinguishable upon the facts from the case at bar. As bearing upon the question of negligence of the defendant and the due care of deceased the evidence introduced on behalf of the plaintiff tends to show that it was dark when the deceased approached the Jackson street crossing and was struck by defendant's train; that the head light of defendant's locomotive was burning very dimly; that the train was traveling at a speed of from 30 to 40 miles an hour; that as the train ap-

proached said crossing the bell upon the locomotive was not ringing and the whistle was not sounding; that the deceased did not observe the approaching train and was not aware of its presence until he was upon the track; that Landis who was riding about 15 feet behind the deceased, when the latter reached Jackson street, was not aware of the approaching train until the deceased was upon the track immediately in front of it; that for his age the deceased was a boy of more than ordinary intelligence, capacity and experience. In this state of the record the giving of a peremptory instruction would have been clearly an infringement by the court upon the province of the jury.

The plaintiff testified that the space between the main track and the east side track was "very smooth and level as the people traveled back and forth on it." He was then asked, "What made it smooth and level," and replied, "The people traveling back and forth on there, and in muddy times the people drove back and forth through there with teams." Counsel for defendant objected to any evidence with regard to the user of the space between the tracks, whereupon counsel for plaintiff stated that he would show that such user was with the knowledge and consent of the defendant, as bearing upon the question of want of care upon the part of the deceased and as proper to be taken into consideration with all the surroundings, and further that he desired to prove the condition of said space between the tracks as a fact. Upon the objection interposed the trial court ruled as follows: "I am of the opinion that the manner in which that was used, the condition in which it existed, may go as a part of the environment, I will not attempt to give it any value, except I never try these cases without allowing the full environment to be developed." To which ruling of the court counsel for defendant excepted. Thereafter in his closing argument to the jury counsel for the plaintiff stated in substance that the portion of the right of way on which the deceased was riding had

habitually been used as a passage way with the consent of the defendant or at least without any objection to its being used as a passage way by the people. The objection of counsel for defendant to the language used in argument was sustained by the court, the court then remarking to the jury, as follows: "As the case has developed, it is not material whether the railroad company had consented or had not, and the court holds the same rule applies to a licensee as applies to a trespasser." Counsel for plaintiff then stated: "I desire to have it noted that I have not said it would be a technical trespass. I have not stated he was a trespasser."

It is urged on behalf of defendant that the admission of the evidence complained of coupled with the language of counsel for the plaintiff in his closing argument to the jury operated to the prejudice of the defendant, notwithstanding the ruling of the court upon the objection to such argument, in inducing the jury to believe and understand that by the user by the public of the space in defendant's right of way between its main track and its east side track the deceased acquired some right other than that accruing to a trespasser to use said space, or that some duty was thereby imposed upon the defendant in respect to the deceased when using said space, other than that which it owed to a trespasser. The evidence as to the manner the space between the tracks had been used was manifestly introduced upon the theory that the use of such space by persons traveling upon it created some right against the defendant in persons so using the same, or imposed some duty upon the defendant in respect to such persons which would not have existed but for such user, and as related to the facts in this case such evidence was improperly admitted. Wabash R. R. Co. v. Jones, 163 Ill. 167. True, an objection was sustained to that portion of the argument of counsel for plaintiff wherein he sought to sustain his theory under such

evidence, but the evidence still remained in the record to be considered by the jury and as heretofore stated the only purpose for which it could have been considered was an improper one. Upon the record in this case considered as a whole, the right of the plaintiff to recover, is to say the least so doubtful that the error in the admission of the evidence referred to requires a reversal of the judgment and the remandment of the cause for another trial.

It is urged that some of the instructions given at the instance of the plaintiff erroneously limit the exercise of due care by the deceased to the time when he was actually crossing or attempting to cross the defendant's track upon which he was struck and killed.

We are satisfied that upon another trial of the case the objection if any there be to the instructions in the respect stated will be obviated and we do not deem it necessary to now consider and determine the propriety of such instructions. What we have heretofore said fully justified the action of the trial court in refusing some of the instructions tendered on behalf of defendant, and the other refused instructions were properly refused because they were substantially repetitions of other instructions given in the case.

For the error above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*