## Marsina Van Cleave, Appellant, v. City of Chicago, Appellee.

## Gen. No. 15,954.

1. VERDICTS—*when duty of court to set aside*. Where the verdict is manifestly and palpably against the weight of the evidence, no matter whether it resulted from prejudice or other improper motive, or from an honest, but misguided, judgment of the jury, it is the duty of the trial court to set aside the verdict and grant a new trial; and in case the lower court should refuse to do so, on appeal it is the duty of the Appellate Court to reverse the judgment in such case and to remand the cause.

2. VERDICTS—*when not disturbed*. A verdict will not be set aside on review as against the weight of the evidence where not clearly and manifestly so.

3. INSTRUCTIONS—*when care required of minor need not be limited*. If the declaration does not charge that the plaintiff was a minor, or that she was wanting in capacity, judgment or discretion, and if no instruction is offered by the plaintiff limiting the degree of care required of her, such plaintiff is properly to be presumed as *sui juris*.

4. NEGLIGENCE—*when instruction excluding evidence of defects proper*. In an action for personal injuries sustained on a public sidewalk evidence that other defects than that made the basis of the charge of negligence is properly excluded from the consideration of the jury for purposes other than as tending to establish notice.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 25, 1911. Rehearing denied and modified opinion filed November 8, 1911.

**Statement by the Court.** This is an action on the case for an alleged personal injury to appellant, Marsina Van Cleave, by reason of a fall on one of appellee's public sidewalks on State street, June 1, 1902. The negligence charged in the declaration is that appellee "suffered and permitted divers of the boards, planks and timbers wherewith said sidewalk

was made to be and remain rotten, loose, broken and unfastened.'' In a jury trial a verdict and judgment were entered against appellant, who has properly preserved her exceptions in her appeal to this court.

Michael Lyons, for appellant; Simon P. Gary, of counsel.

Edward J. Brundage and John R. Caverly, for appellee; Edward C. Fitch, of counsel.

Mr. Justice Duncan delivered the opinion of the court.

Appellant testified, in substance, that she was married in June, 1906, and that her former name was Marsina Hopinger; that on June 1, 1902, while she was walking north on State street near Forty-third street with Miss Rose Lupe, she fell down on her left side by reason of a loose board in the sidewalk; that her left foot went down into the walk and that her elbow was skinned and her side and back were hurt, and was ''kind of bruised a little on her hip and knee;'' that she got up and went on to church and her elbow bothered her, but she did not pay much attention to it; that some days the bruise and pains in her elbow and side would bother her and on others it would not, and gradually left in about a week or ten days; that about two or three weeks afterward she got a pain in the calf of her leg, and about a month after the pain in the leg she got one in her knee, which lasted about a month, coming and going during that time; that after that she got the pain in her hip and real hard in January, 1903; that in August and September, 1902, she went to a dispensary for treatment, and that Dr. Brislen was called to treat her in the following January; that later she was treated by other physicians and was operated on by Dr. Mueller in April, 1903; that she went to school regularly before the injury, but did not do so afterwards, and had to

quit altogether in January after her injuries on account of the severe pain. She also testified that she was in good health before that fall and had never had a fall before. Her mother testified that appellant never told her, when she fell, and that she knew nothing about it. Her companion, Miss Lupe, corroborated appellant in the fact that she fell on the walk; but she does not testify to seeing any wounds or bruises or scratches, although she testified that appellant showed her her elbow on the way to church after she fell. The remainder of her evidence by her witnesses is to the effect that she was a strong, healthy girl before the injury, and that she became thin, sick and weak and suffered greatly from a diseased hip and limb and from hysteria, as a result thereof. Some of her physicians testify to a considerable shortening of her limb, and that all these conditions might have been caused by an injury. For the defendant, there were quite a number of witnesses, neighbors and schoolmates of appellant, who testified, in substance, that she was a delicate, thin and sickly girl before she fell on the walk. One of these witnesses testified that she saw appellant before June 1, 1902, have one of her "fainting spells," that appellant attributed to the diseased condition of her hip, which she claims resulted from her fall on the walk. Her teacher, Mrs. Keating, testified for defendant from her school register kept by her that appellant was one of her pupils in 1901 and 1902, and that she was not absent from school a single day in June, 1902. It appears also that in 1906 appellant received an insurance certificate for $1,000 in the order of the Maccabees, in her application for which she stated that she was then in good health, contrary to her evidence in this case, and that she failed to state in her examination at that time anything about any of her ailments and sufferings that she now complains of, although asked by the physician representing the Maccabees concerning past

ailments and injuries. Dr. Blackmarr testified that he took an X-Ray photograph of plaintiff's hip in April, 1903, at the request of herself and her physician, Dr. Hagedorn, and that he found her hip in a normal condition; that there was no effusion in the joint or other condition of the hip indicating inflammation or other diseased condition. Dr. McCleary testified that he was called to treat appellant in 1906 or 1907, and that he attended her in child-birth; that he examined her pelvis and hips because she told him she had received an injury; that he found the pelvis and hips normal and noticed nothing wrong with her walk.

The evidence in the record, as thus disclosed, is in hopeless conflict upon the question of whether or not the serious injuries to the hip and spine, causing hysteria, swooning spells, and painful and diseased conditions of the hip and back, were caused by her fall on the sidewalk, as insisted by her, or from other causes not connected with any injury by such fall. The jury have evidently found that, if appellant did fall on the walk in question, her injuries were very slight, if any, and in no way responsible for the serious injuries for which she has claimed damages in this suit. She and all her witnesses are contradicted upon matters very material to the issues. She is the only person who testifies to her receiving any injury at all by reason of her fall. That she did receive a fall on the walk at the time in question, she has proved by her own testimony and that of her companion, Miss Lupe, now Mrs. Reicha. She has also introduced evidence showing that the walk was out of repair, and that the defendant was negligent, as charged. Under the impeaching evidence that was directed by the defendant at the testimony of the appellant, and her conduct following her fall, she being the only witness who testified that she was injured by reason of her fall on the walk in question, we cannot say that the

jury were not warranted in their finding that her injury was of no consequence and in no way connected with, or responsible for, the pain and suffering which followed for months and years afterwards, according to her evidence. Where the verdict is manifestly and palpably against the weight of the evidence, no matter whether it resulted from prejudice or other improper motive, or from an honest, but misguided, judgment of the jury, it is the duty of the trial court to set aside the verdict and grant a new trial; and in case the lower court should refuse to do so, on appeal it would be the duty of this court to reverse the judgment in such case and to remand the cause. It is only in such cases, however, that this court is authorized by law to reverse a judgment based on the verdict of a jury; and we do not think we are warranted in interfering with the judgment in this case, by holding that the verdict is manifestly and palpably against the weight of the evidence.

Appellant was shown to be over fourteen years of age on the date of her alleged injury on the walk in question. No evidence was offered to prove that she had not sufficient capacity and understanding to comprehend and discover danger and avoid it, as well as would an ordinarily prudent adult. The declaration contains the allegation that appellant, "then and there, was using due and reasonable care for her personal safety," and does not charge that she was a minor, nor that she was wanting in capacity, judgment or discretion. No instruction was offered by appellant's counsel limiting the degree of care required of her by reference to her age, experience, intelligence or capacity. She was, therefore, properly presumed to be *sui juris* by the court at the age of fourteen years and upwards, and it was not necessary that instructions for appellee, as to the degree of care required of her, should be limited "to that degree of care that one of her age, experience, intelligence and capacity would ordinarily exercise under similar circumstances."

Nagel v. A. V. R. R. Co., 88 Pa. 35; Frauenthal v. G. Co., 67 Mo. App. 1; Tucker v. N. Y. C. & H. R. R. R. Co., 124 N. Y. 308; Railway Co. v. Eininger, 114 Ill. 79.

The court did not commit error by stating to the jury in appellee's twelfth instruction that "the evidence, if any, of the existence of defects in the sidewalk other than that claimed as the proximate cause of the injury cannot be considered by you as to whether or not the City was negligent." Evidence of other defects in the near vicinity of the defect complained of is admissible to prove notice of defects, but not for the purpose of proving negligence of the defendant. City of Taylorville v. Stafford, 196 Ill. 288.

The objections of appellant to appellee's instructions are untenable. Finding no reversible error in the record, the judgment of the court is affirmed.

*Judgment affirmed.*