Romeo Elie, Pro Ami,

*vs.*

Lewiston, Augusta & Waterville Street Railway.

Androscoggin.    Opinion September 1, 1914.

*Inducement. Invitation. License. Trespass.*

To come under an implied invitation as distinguished from mere license, the visitor must come for a business connected with the business in which the occupant is engaged, or which he permits to be carried on there.

There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant.

It is true that when a use has been so long continued as to induce the public to believe that the owner invited such a use, a liability has been held to arise as from an implied invitation.

In the absence of wanton or recklessly careless conduct on the part of the defendant, the plaintiff, although a child of tender years, if a trespasser, occupies no better position and has no greater rights than an adult.

If a child trespass on the premises of defendant, and is injured by something that he does while trespassing, he cannot recover, unless the injury was wantonly inflicted by, or was due to, the recklessly careless conduct of the defendant.

On motion by defendant. Motion sustained. New trial granted.

This is an action brought to recover damages for the loss of an arm on the first day of April, 1910. The plaintiff, who brings this suit by next friend, was four years of age and riding on the platform of one of the defendant's cars, and in alighting from said car while in motion received the injuries complained of. The plea was the general issue. The jury rendered a verdict for the plaintiff of $3500, and the defendant filed a general motion for a new trial.

*McGillicuddy & Morey,* for plaintiff.

*Newell & Skelton,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J.   An action on the case to recover damages for injuries sustained by plaintiff, a child of the age of four years, in alighting from a moving car of defendant.   The verdict was for plaintiff and the defendant files its general motion for new trial.

The declaration alleges that the plaintiff was riding upon the platform of the car by the permission and invitation of the defendant. There was no pretence that plaintiff had paid his fare or intended to do so and the contrary may be legitimately inferred from the evidence. Express invitation there was none.   And it has been recently held by this court that "to come under an implied invitation as distinguished from mere license, the visitor must come for a business connected with the business in which the occupant is engaged, or which he permits to be carried on there.   There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant."   *Stanwood* v. *Clancy*, 106 Maine, 72, 75.   The rule has been otherwise stated as follows:— The principle appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it: *Bennett* v. *Railroad Co.*, 102 U. S., 577, 584-5.

In the case before us there was no express permission, or license. Nor do we think an implied license is shown.   There was evidence tending to show that other boys, of greater age however, had stolen rides upon other cars of the defendant, going upon the platform at the time the car started on its return trip and jumping from the car while in motion at a point some two hundred feet distant.   But such acts were criminal (R. S., Chap. 52, Sec. 7) and we should more than hesitate to hold that such acts on the part of others, even if brought to the knowledge of plaintiff, could be held such an inducement or holding out on the part of defendant as to give the plaintiff the rights either of one upon the cars by invitation, or of a licensee even:   *Barney* v. *The Hannibal & St. Joseph R. R. Co.*, 126 Mo., 372, 392:   *The Chicago, etc., Ry. Co.* v. *Eininger*, 114 Ill., 79, 85.

While it is true that when a use has been so long continued as to induce the public to believe that the owner invited such a use, a

liability has been held to arise as from an implied invitation, in this case, assuming the requisite continuance, there could have been no such belief entertained by the public.   See *Nolan* v. *New York, etc., R. R. Co.*, 53 Conn., 461, 474; *Hughes* v. *B. & M. R. R.*, 71 N. H., 279.

The plaintiff was a mere trespasser.   As such he was protected only against the wanton or wilful or reckless injury of defendant. *Russell* v. *M. C. R. R. Co.*, 100 Maine, 406, 408; see also *Reardon* v. *Thompson*, 149 Mass., 267, 268.   It is contended by plaintiff that he alighted from the car while in motion in obedience to a gesture of the conductor.   A careful reading of the testimony in this regard leads us to conclude that this is not supported by the weight of evidence but that by far the greater weight of evidence indicates that there was no wilful nor negligent act upon the part of the servants of the defendant.

In the absence of wanton or recklessly careless conduct on the part of defendant, the plaintiff, although a child of tender years, if a trespasser, occupies no better position and has no greater rights than an adult.   In *McGuiness* v. *Butler*, 159 Mass., 233, 236, it is said, "if a child trespass on the premises of defendant, and is injured by something that he does while trespassing, he cannot recover, unless the injury was wantonly inflicted by, or was due to the recklessly careless conduct of the defendant."   In full accord are *Hughes* v. *B. & M. R. R.*, 71 N. H., 279, 285; *Barney* v. *The Hannibal & St. Joseph R. R. Co.*, supra; *The Chicago Railway Co.* v. *Eininger*, supra; *Central, etc., R. Co.* v. *Henigh*, 23 Kan.; 347; and see *The Gulf, etc., Railway Co.* v. *Dawkins*, 77 Tex., 228, 231-2; see also *Johnson* v. *B. & M. R. R.*, 125 Mass., 75.   The motion must be sustained.

*Motion granted;*
*Verdict set aside;*
*New trial ordered.*