No. ,10,151.

BOROUGH OR TOWN OF CLARION v. CENTRAL SAVINGS BANK
& TRUST CO., ET AL.

Decided June 5, 1922.   Rehearing denied July 3, 1922.

Proceedings involving the validity of items in a will.
Items held void.

*Reversed.*

1. MUNICIPAL CORPORATIONS—*Charitable Bequest.* Under a statute of
Pennsylvania giving municipalities power to hold property for,
and make appropriations to maintain libraries, a town could
accept a bequest for a library conditioned upon its perpetually
maintaining the same.

2. PERPETUITIES—*Charitable Bequest—Condition Subsequent.* A char-
itable bequest to a municipality is not void under the rule
against perpetuities.   The fact that to the bequest is attached
a condition subsequent does not make the rule against per-
petuities applicable.

3. TRUSTS—*Beneficiaries—Interest.* The beneficiary in every trust has
an interest sufficient to enable him to be a party in an action
in relation thereto.   Where a town is the beneficiary, it may
prosecute a writ of error as trustee for its citizens.

*Error to the County Court of the City and County of Den-
ver, Hon. Ira C. Rothgerber, Judge.*

Mr. S. E. MARSHALL, Mr. DON C. CORBETT, for plaintiff
in error.

Mr. JOHN M. CAMPBELL, Mr. BERT MARTIN, for defend-
ants in error. ·

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS is a writ of error to the Denver county court to
review the judgment of that court holding item 4 of the
will of John D. Ross to be void.

Items 4 and 5 of said will are as follows:

"Item Four.   All the rest and remainder of my estate I give, devise and bequeath unto the said Charles C. Ross, as a testamentary trustee, and I hereby direct and authorize him to use, apply and pay out the same from time to time as in his judgment may seem advisable, in the purchase of a suitable building-site and the construction thereon of a suitable fire-proof building in said city of Clarion, to be known as the "Ross Memorial Library," with a suitable auditorium and such reception-rooms, parlors and other accommodations therein as may be convenient for community use in the Borough or Town of Clarion aforesaid, or to use said moneys for such purposes in connection with any other moneys that may be provided by said Borough or Town of Clarion or the inhabitants thereof, for the construction of said Library building, to be always known as the "Ross Memorial Library," this gift being made by me as an enduring memorial to my beloved mother, Mrs. Mary A. Ross, formerly of Clarion, Pennsylvania.

Provided:   That before the closing of my estate an ordinance in due form shall be passed by the proper municipal officers and Council of said Borough or Town of Clarion, accepting said gift upon the conditions herein expressed; and agreeing in consideration thereof to perpetually maintain said Library Building as such memorial, and that a suitable tablet shall be placed and perpetually maintained in said Library Building.

Item Five.   In case said ordinance shall not be passed and published (if so required by law) prior to the closing of my estate, then the bequest made in paragraph four of this instrument to the said Charles C. Ross, as a testamentary trustee, shall thereby become cancelled, null and void; and in that event, I hereby give, devise and bequeath all the rest and remainder of my estate, after payment of the specific legacies mentioned in Items Two and Three of this instrument, to my said brothers, Albert Ross and Charles C. Ross, and to my sister, Elizabeth Patrick, or to such of them as may be living at the time of my decease, to be di-

vided equally between them share and share alike."

The claim is made: First, that the Town of Clarion (a) has no power to accept the gift or (b) to agree to maintain a library; Second, that the bequest is void under the rule against perpetuities; Third, that the town of Clarion has no interest and so cannot maintain the writ of error.

As to the first proposition, the town of Clarion, under the laws of Pennsylvania, is expressly empowered "to take and hold any property, real or personal, or both, for library purposes;" and "may make appropriations * * * to maintain or aid in the maintenance" thereof. Pa. Acts of 1917, No. 398, p. 1193 et seq.

Second. There is nothing in the claim that this bequest is void under the rule against perpetuities. It is a charitable bequest not subject to that rule. *Clayton v. Hallet,* 30 Colo. 231, 70 Pac. 429, 59 L. R. A. 407, 97 Am. St. Rep. 117; *Haggin v. The International Trust Co.,* 69 Colo. 135, 169 Pac. 138, L. R. A. 1918B, 710.

It is suggested that the legacy in question is made subject to a condition precedent and that the case of *Robbins v. County Commissioners,* 50 Colo. 610, 619, 115 Pac. 526, holds that in such a case the rule against perpetuities applies. The court below was influenced by this argument. Whether or not there is any force in the suggestion, item 5, which fixes the character of the condition subject to which the bequest in item 4 is made, shows it to be not a condition precedent but a condition subsequent. The bequest is made to Charles C. Ross, with no condition precedent, in trust, however, to build the library and turn it over to the town if the town shall accept the gift and agree to maintain it; but if the town will not do so, then the bequest to Charles C. Ross, trustee, "shall thereby *become* cancelled, null and void," and the property shall go to him and his brother and sister. The condition is therefore subsequent. The title passed at once on the death of the testator to the trustee. The proviso in item four governs not the passing of the title to Charles C. Ross, trustee, but his action as such trustee. See 21 R. C. L., 310, 311.

The court below regarded *Robbins v. County Commissioners* as controlling, but besides what we have said, there is another distinction. The devise, in that case, which was implied, was to take effect on an impossible condition. Here the devise is express, to a named trustee, with defined powers and his duties are based upon a possible condition. There is no analogy between these cases but there is between the present case and *Haggin v. International Trust Co., supra,* which seems to us to be decisive.

Third. The beneficiary in every trust has an interest sufficient to enable him to be a party to an action in relation thereto and upon a decree therein to sue out a writ of error. The town, therefore, as a beneficiary under the trust in Charles C. Ross, can maintain error. True, the rights of the town are for the benefit of its inhabitants, but the fact, if it be a fact, that it has no individual pecuniary interest is immaterial. The rights of its beneficiaries, that is the inhabitants, who would use the library, "were injuriously affected by the judgment." Therefore the town as a trustee for its citizens can maintain error. *Denison v. Jerome,* 43 Colo. 456-462, 463, 96 Pac. 106.

The judgment is reversed, with directions to admit the whole will to probate and proceed accordingly.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.