FERDINAND ENGELTHALER *et al.*

*v.*

JOSEPH ENGELTHALER *et al.*

*Opinion filed April 16, 1902.*

1. WILLS—*intention to be sought for is the one expressed in the will.* The intention to be sought for in the construction of a will is not that which existed in the mind of the testator, but that which is expressed by the language of the will.

2. SAME—*parol evidence not admissible to remove a patent ambiguity.* Parol evidence cannot be admitted to explain or clear up an ambiguity appearing upon the face of the will itself.

3. SAME—*equity has no power to reform a will.* A court of equity has no power to reform a will by inserting the name of the complainant, as devisee of the fee, in a clause of the will devising the testator's property to his wife for life, but which makes no disposition of the fee to any person, although it attempts to devise the same, subject to certain charges, but names no devisee.

4. SAME—*testamentary beneficiary has no equity against the heir.* A testamentary beneficiary has no equity against the heir, and this is one reason why a court of equity will not undertake to rectify a mistake in a will, even where the mistake can be proved.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is a bill, filed on May 10, 1901, in the circuit court of Cook county by the appellants, Ferdinand Engelthaler and his wife, for the purpose of construing the will of one Joseph Engelthaler, deceased, father of Fer-

dinand Engelthaler, against the appellees, who were the heirs-at-law of the deceased testator, and others. The will was dated June 1, 1896. Joseph Engelthaler died on September 30, 1900. His will was admitted to probate in the probate court of Cook county on November 14, 1900. By the will the appellant, Ferdinand Engelthaler, was appointed executor. The bill was demurred to, and the demurrer was sustained. Subsequently, on August 1, 1900, an amendment to the bill was filed by leave of court, and the bill as amended or the amendment thereto was also demurred to. The latter demurrer was also sustained, and the circuit court entered a decree, dismissing the bill at the costs of the complainants below, and ordering execution. The present appeal is prosecuted from such decree of dismissal.

The second clause of the will reads as follows: "After the payment of my funeral expenses and debts I give, devise and bequeath unto my beloved wife, Anna Engelthaler, all my property of every kind and nature during her natural life, should she survive me. After the death of my wife I give, devise and bequeath my homestead known as lot 23, * * * known as No. 129 West Eighteenth street" (in Chicago) "subject to the payment to my daughter, Petrolina Soukup, $300.00; to the widow of my son, Joseph Engelthaler, deceased, $400.00; to Barbara Meisinger, my daughter, $300.00; to John Engelthaler, my son, $300.00; my other children having received their share during my lifetime." It is alleged in the bill that the wife, Anna Engelthaler, died before the testator died, and also that the daughter, Barbara Meisinger, and the son, John Engelthaler, died before the death of testator.

The will fails to dispose of the fee of the homestead, devised by the testator to his wife, Anna Engelthaler, during her natural life should she survive him, and the bill alleges that, when the will was drawn, the testator directed the scrivener so to word it, that the fee of the homestead should vest in the appellant, Ferdinand

Engelthaler, a son of testator, after the death of testator's wife, should she survive him. The bill seeks to correct and reform the second clause of the will by adding thereto and inserting therein, after the words "West Eighteenth street," the words, "to my son, Ferdinand Engelthaler." As thus changed, the second clause of the will would read as follows: "After the payment of my funeral expenses and debts I give, devise and bequeath unto my beloved wife, Anna Engelthaler, all my property of every kind and nature during her natural life, should she survive me. After the death of my wife I give, devise and bequeath my homestead known as lot 23, * * * known as No. 129 West Eighteenth street, *to my son, Ferdinand Engelthaler,* subject to the payment to my daughter, Petrolina Soukup, $300.00; to the widow of my son, Joseph Engelthaler, deceased, $400.00; to Barbara Meisinger, my daughter, $300.00; to John Engelthaler, my son, $300.00; my other children having received their share during my lifetime."

The bill alleges, in support of its prayer, that the will was written by the scrivener in the English language, but that the testator did not understand the English language; and that, when the will was read to him, both the testator and the scrivener supposed that it contained the provision devising the fee of the homestead to Ferdinand Engelthaler. The bill also alleges, that the testator made statements to other persons after the execution of the will, and before his death, to the effect that he had provided for his son, Ferdinand Engelthaler, in his will by devising certain real estate to him to vest in him after the death of the testator's wife. The amendment to the bill averred that, after the will was executed, the testator made a memorandum in writing in a book, usually kept by him of his affairs and transactions, to the effect that he had devised by a will to his son, Ferdinand Engelthaler, after the death of his wife, the lot described in the bill.

FANNING & HERDLICKA, for appellants.

L. B. DYER, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The bill in this case, though nominally a bill to construe the will of the deceased testator, is, really and in effect, a bill to correct and reform the will. It is sought by the bill to correct and reform the will by inserting therein the name of Ferdinand Engelthaler, a son of the testator, as a devisee, when the will itself did not name him as such devisee. The will gave to the wife of the testator all his property of every kind and nature during her natural life, should she survive him. She did not survive him, and the general rule is that, if a legatee dies before the testator, the legacy lapses, because the gift cannot take effect until the death of the testator, and, if the legatee is then dead, he cannot be benefited thereby. (*Glover* v. *Condell*, 163 Ill. 566). The same is true as to the daughter, Barbara Meisinger, and the son, John Engelthaler, both of whom are alleged to have died before the death of the testator.

The will in fact makes no devise of the homestead lot, although it may have been the intention of the testator to devise it. If he intended to devise it to his son, Ferdinand Engelthaler, he did not say so in his will. The will cannot be corrected or reformed by a court of chancery by inserting in it the name of Ferdinand Engelthaler, as a devisee. Courts of chancery have no power to add to or reform a will on the ground of mistake. (*Decker* v. *Decker*, 121 Ill. 341; *Kurtz* v. *Hibner*, 55 id. 514; *Williams* v. *Williams*, 189 id. 500). The intention, which is to be sought for in the construction of a will, is not that which existed in the mind of the testator, but that which is expressed by the language of the will. (*Williams* v. *Williams, supra*). No intention to devise the fee of the

homestead lot, after the expiration of the life estate, is expressed by the language of the will in this case. Surrounding circumstances cannot be resorted to for the purpose of importing into a will any intention not therein expressed. (*Williams* v. *Williams, supra*).

Here, it is sought to prove by parol testimony *dehors* the will itself, that the testator intended to make a devise to his son, Ferdinand Engelthaler. Parol testimony cannot be admitted to explain or clear up a patent ambiguity, that is to say, an ambiguity, which appears upon the face of the will itself. Parol evidence has been admitted for the purpose of explaining or clearing up a latent ambiguity, but, in the case of a latent ambiguity, the will seems to be certain and without ambiguity for anything that appears upon its face, but there is some collateral matter outside of the will, which gives rise to the ambiguity. (1 Jarman on Wills,—3d Eng. ed.—chap. 13, p. 399; *Decker* v. *Decker, supra; Kurtz* v. *Hibner, supra*). In the case at bar, the ambiguity is a patent one, as it appears upon the face of the will of Joseph Engelthaler. Therefore, parol testimony could not be introduced to explain it. "Wills are required by statute to be in writing and courts are without the power of substituting for the written words of the testator other and different words not used by him. Then, to permit the substituting of words not used, in place of words used, would not only render this provision of law inoperative, but it would overthrow the Statute of Frauds, and again open the door to all the evils that that law was intended to prevent. Every consideration impels us to deny the power of courts to add to or reform a will on the ground of mistake." (*Decker* v. *Decker, supra*). "The law requires that all wills of lands shall be in writing, and extrinsic evidence is never admissible to alter, detract from, or add to, the terms of a will. To permit evidence, the effect of which would be to take from a will plain and unambiguous language, and insert other language in lieu there-

of, would violate the foregoing well established rule."
(*Kurtz* v. *Hibner, supra; Williams* v. *Williams, supra*).

"In no instance has a total blank for the name been filled up by parol evidence. In such cases, indeed, there is no certain intent on the face of the will to give to any person." (1 Jarman on Wills,—3d Eng. ed.—chap. 13, p. 413). Evidence is inadmissible for the purpose of filling up a total blank in a will. (*Hunt* v. *Hort*, 3 Brown's Ch. 312; Wigram on Wills, p. 179).

A testamentary beneficiary has no equity against the heir, and this is one reason why a court of chancery will not undertake to rectify a mistake in a will. Equity rejects evidence for the purpose of explaining such a mistake, because there is no equity to be enforced, even where the mistake can be proved. Evidence *dehors* the will is inadmissible to prove an omission, not only for the reasons already stated, but because beneficiaries under wills are volunteers, and equity never aids a volunteer except in cases of fraud, which implies a consideration moving from the testator. (Wigram on Wills, p. 266).

Here, the bill seeks to insert five words, to-wit, "to my son, Ferdinand Engelthaler," in the will, and offers parol testimony to show the omission of those words. To do this would be to add to and reform the will, and against such attempts to add to and reform wills courts and legislatures have always carefully guarded. The provision of the law, which throws around the execution of wills, the safeguards of signature, and attestation, and acknowledgment in the presence of witnesses, would be rendered of no effect, if such insertions could be made in wills, and such omissions could be supplied and corrected by parol testimony. The appellant here comes into court to ask a reformation of the will in his own interest, and by the insertion of his own name, as devisee. We are of the opinion that the court below properly sustained the demurrer, and properly dismissed the bill.

Accordingly, the decree of the circuit court is affirmed.

*Decree affirmed.*