### Benjamin F. Gee v. Mary Gertrude Gee.

1. WILLS—*Intention Expressed in the Will Must Rule.*—The intention which is to be sought for in the construction of a will, is not that which existed in the mind of the testator, but that which is expressed by the language of the will.

2. SAME—*Construction of a Clause Devising an Annuity.*—A testator's will contained the following clause :

"And I hereby give, devise and bequeath to my said daughter, Mary Gertrude Gee, for and during and until she shall get married, however, in case she shall live and remain a single person, for and during the term of her natural life, the one annuity or clear yearly rent, or sum of $600, free of all taxes and other deductions, to be issuing and payable out of the real estate devised to my son, Benjamin F. Gee, known as the east half (E. ½) of lots twelve (12), fifteen (15) and sixteen (16) in Johnson, Roberts & Storrs' addition to Chicago, in equal monthly payments of $50 each, on the first day of each and every month in each and every year as aforesaid, and I do hereby charge and subject the said real estate with and to the payment of the said annuity, yearly rent, or sum of $600 per annum, at the times and in the manner aforesaid, fully empowering and authorizing the said Mary Gertrude Gee to take any and all proper and necessary steps to enforce the payment thereof as aforesaid, if default shall at any time be made in the payment of any of said payments as aforesaid."

*Held,* that it was the intention of the testator that, however the son might use or enjoy the described premises, the annuitant was to receive an annuity of $600, payable in monthly installments of $50 per month, on the first of every month, while she remained unmarried, and that the intention of the testator was to make the annuity a charge upon the *corpus* of the property.

3. RECEIVERS—*When One May be Appointed to Enforce Payment of an Annuity.*—Where a will empowers and authorizes a devisee to take any and all proper and necessary steps to enforce payment of an annuity to her, the appointment of a receiver to collect the rents, issues and profits and apply them to the payment of the annuity is a matter within the discretion of the court.

**Bill for a Receiver and for an Accounting.**— Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed March 30, 1903.

**Statement.**—Appellee filed a bill against appellant and others, averring, in substance, that prior to October 5, 1891, Charles Gee, complainant's father, died. leaving a will by which he devised to Benjamin F. Gee, his son, the east half of lots 12, 15 and 16 in block 3, in Johnson, Roberts and Storrs' addition to Chicago, subject to an annuity provided for in said will, and whereby he bequeathed to complainant, until she should marry, or in case she should remain single during her life, a clear yearly rent, or the sum of $600, free of all taxes and other deductions, to be issuing and payable out of the real estate so devised to Benjamin F. Gee, payable in equal monthly payments of $50 cash on the first day of each month; and that said Charles Gee, by

his said will, charged said real estate with and subjected it to said annuity, and empowered complainant to take all proper and necessary steps to enforce payment of the same. Said will was probated October 5, 1891, and thereupon said Benjamin F. Gee took possession of the same, and rented and has ever since continued to rent the same to tenants, and has collected the rents, etc., of the same, etc., and fails and refuses to pay said annuity to complainant, and there is now due and unpaid to complainant of said annuity the sum of $1,650. The prayer is for an accounting, and that, on default of payment, the described premises may be sold, etc.

Appellant answered the bill, a replication was filed, and the cause was referred to a master to take proofs and report. The master finds the following facts: That Mary G. Gee was married March 31, 1901; that from the date of probate of the will to and including March 31, 1898, Benjamin F. Gee paid to Mary G. Gee $50 per month, and that after March 31, 1898, he paid to her $150, which, at the rate of $50 per month, paid the annuity to June 30, 1898. The total amount paid by Benjamin to Mary being $4,050, the same being $50 per month from the date of the death of Charles Gee till June 30, 1898; that since her father's death Mary has taken no steps to obtain possession of the estate, or collect the rents thereof, till the date of filing the bill, and has not, in any way, contributed to the running expenses of the real estate; that from and after his father's death, Benjamin F. Gee has had possession and control of the real estate so devised to him, and has paid all the current expenses thereof, and that his total income therefrom from his father's death till the date of Mary G. Gee's marriage was $3,802.50, and that since his father's death he expended in maintaining said real estate $3,084.96, and that the annuity has not accumulated by complainant's, but by Benjamin F. Gee's fault. The master finds that the complainant is entitled to receive $1,650, annuity accumulated prior to her marriage; that the language of the will does not indicate any intention of the testator to charge the

*corpus* of the property, and that complainant is not entitled to a sale of the fee, but is entitled to a decree for $1,650, with interest, and to a receiver to collect the rents, and the application of the same to payment of the amount found to be due to her. The only objections filed by Benjamin F. Gee to the findings of fact in the master's report are to the finding that the annuity accumulated by the fault of Benjamin F. Gee, and not by the fault of the complainant, and that the complainant is entitled to $1,650.

The complainant filed objections before the master to the report, as to the master's conclusion of law, that the intention of the testator was not to charge the *corpus* of the property.

The appellant is the only defendant to the bill who has appeared in this court.

It was stipulated in open court that the objections filed with the master should stand as exceptions on the hearing. The court overruled the exceptions of the defendant, Benjamin F. Gee, sustained complainant's exception above mentioned, and in all other respects confirmed the master's report, and decreed, in substance, that the complainant is entitled to receive $1,650; that the same is a valid lien on the premises described in the bill, and should be paid from the gross rental of said premises, free from taxes and other deductions, and is not only a lien on the realty, but also a continuing lien on the gross rentals arising and to arise from said realty and from any sale of said premises to be made; that said sum of $1,650 is a lien on the *corpus* of the property, and that complainant's remedy is not confined to the rentals arising therefrom; that Benjamin F. Gee is the owner of said real estate, subject to said $1,650, and that a receiver should be appointed to collect the rents, etc., until the amount due to complainant shall be fully paid, and Albert G. Goodridge is appointed such receiver, etc. Ordered that if Benjamin F. Gee does not pay $1,650 within ninety days, with interest from date at the rate of five per cent thereon, until paid, the premises, or so much thereof as may be sufficient to realize the amount due, including the master's fees, taxed at $150, be sold, etc.

WARD, CURREY & WEBSTER, attorneys for appellant.

GALT, BIRCH & GALT and BANGS, WOOD & BANGS, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The contention of counsel for appellant, to which their argument is mainly directed, is that appellee's annuity is not, by the will, made a charge on the *corpus* of the property.

By the will of Charles Gee, deceased, certain real estate is devised to complainant in fee, next after which devise are the following provisions :

"And I hereby give, devise and bequeath to my said daughter, Mary Gertrude Gee, for and during and until she shall get married, however, in case she shall live and remain a single person, for and during the term of her natural life, the one annuity or clear yearly rent, or sum of six hundred dollars, free of all taxes and other deductions, to be issuing and payable out of the real estate devised to my son, Benjamin F. Gee, known as the east half (E. $\frac{1}{2}$) of lots twelve (12), fifteen (15) and sixteen (16), in Johnson, Roberts & Storrs' addition to Chicago, in equal monthly payments of fifty dollars each, on the first day of each and every month in each and every year as aforesaid, and I do hereby charge and subject the said real estate with and to the payment of the said annuity, yearly rent, or sum of six hundred dollars per annum, at the times and in the manner aforesaid, fully empowering and authorizing the said Mary Gertrude Gee to take any and all proper necessary steps to enforce the payment thereof as aforesaid, if default shall at any time be made in the payment of any of said payments as aforesaid.

"I do hereby give and devise to my son, Benjamin F. Gee, to have and to hold unto himself and his heirs forever, the following described real estate:   The east half (E. $\frac{1}{2}$) of lots twelve (12), fifteen (15) and sixteen (16), in block three (3), in Johnson, Roberts & Storrs' addition to Chicago, with the frontage on Elm street, subject to said annuity."

In Engelthaler v. Engelthaler, 196 Ill. 230, the court, citing Williams v. Williams, 189 Ill. 500, say :

"The intention which is to be sought for in the construc-

tion of a will, is not that which existed in the mind of the testator, but that which is expressed by the language of the will."

This is equivalent to saying that one must be understood as meaning what he says, and is, as we think, the only safe rule to be guided by in the construction of written instruments. By the language of the will quoted *supra*, we think it clear, first, that it was the intention of the testator that however appellant might use or enjoy the described premises, complainant was to receive an annuity of $600, payable in monthly installments of $50 per month, on the first of every month, while she remained unmarried. The language is: "the one annuity or clear yearly rent, or sum of six hundred dollars." There is no evidence that, at the time of the testator's death, the premises were leased to tenants, nor could the testator know or anticipate that Benjamin F. Gee, his son, would lease the premises to others. By the words "the one annuity or clear yearly rent, or sum of six hundred dollars," different things are not meant, but the same thing, namely, an annuity of $600. This is made evident by the provision that the annuity is to be paid "in equal monthly payments of fifty dollars each," etc. Secondly, we think the intention of the testator was to make the annuity a charge on the *corpus* of the property. The language is: "I do hereby charge and subject the said real estate with and to the payment of said annuity," and the devise to Benjamin F. Gee is made "subject to said annuity." We can not conceive how the testator could have chosen more apt language to charge the land with the annuity. The land is, in express language, charged with and subjected to the annuity, and Benjamin F. Gee's estate in the land is made subject to the annuity; and this whether he leases the land to others or not. If he resides on it, or allows it to remain vacant, he holds it charged with and "subject to said annuity." In other words, the annuity is a lien on the land.

In Einbecker v. Einbecker, 162 Ill. 267, 276, the court quote, with apparent approval, the following from Theobald's Law of Wills:

"If the capital is given over 'subject' or 'after payment' of the annuities, the *corpus* is liable."

The court, after citing numerous cases, say, Ib. 279 :

" When the will provides that the residue of the fund shall go to those who are to take after the death of the annuitant, or when it provides that the fund shall be paid over 'subject to the payment of the annuity,' or 'after the payment' of the annuity, then the *corpus* will be liable for arrearages."

In the case at bar the land is devised "subject to said annuity."

In Mason v. Robinson, 8 Chan. Div. 411, decided in 1878, the testator bequeathed to his wife an annuity of 700 pounds, and to each of his daughters who should marry during his wife's lifetime, during the joint lives of his wife and such daughter, an annuity of 100 pounds, and also certain other life annuities, and bequeathed his personal estate, not specifically disposed of, to trustees for sale and investment, " to stand possessed thereof, upon trust out of the income thereof to pay and keep down such of the annuities heretofore bequeathed, as for the time being shall be deemed payable, and subject thereto." The Master of the Rolls, delivering his opinion, said :

"Now my view is, as I have said, that the words here are sufficient to create a charge on the *corpus* of the property," etc.

Numerous cases to the same effect are cited in Theobald's Law of Wills (2d Ed.), p. 637.

Counsel for appellant rely on Irwin v. Wollpert, 128 Ill. 527; but we think that case materially distinguishable from this. In that case the devise to the son, Gottlieb M. Young, was not in terms subject to the annuity, as is the devise to appellant in the present case. Also the remedy given by the will to the annuitant, in the event of non-payment of the annuity, was to enter the devised premises and receive and take the rents, issues and profits thereof, thus manifesting the intention of the testator that the annuity was to come from the rents and profits, and not from the sale of the estate. In this case no particular remedy is suggested by the

will. The language is " fully empowering and authorizing said Mary Gertrude Gee to take any and all proper and necessary steps to enforce the payment thereof, as aforesaid, if default shall, at any time, be made in the payment of said payments, as aforesaid." There are other features in Irwin v. Wollpert which, without reference to the question whether the annuitant had a lien on the *corpus* of the property, are sufficient to sustain the decision, and which distinguish that case from this. Appellant practically construed the will as requiring payment to appellee of $600 per annum, in monthly installments of $50 each, regardless of appellant's income from rents. The total amount of appellant's income from rents from the date of his father's death till the date of appellee's marriage, March 31, 1901, was $3,802.50, and from the date of his father's death until June 30, 1898, appellant paid to appellee $4,050, being at the rate of $50 per month, and being $248 in excess of said gross income. Appellant, since the time of his father's death, has expended $3,802.50 in running and maintaining the property, so that he has received no net income therefrom.

Appellant's counsel contend that the appointment of a receiver was error, but we think this was a matter within the discretion of the court, under the circumstances, and is not reversible error.

The decree will be affirmed.