## No. 12,129.

### Gibson, et al. v. Hills, et al.

Decided November 26, 1928.

Mr. Charles R. Brown, Mr. Lloyd M. Brown, Mr. Jay H. Brown, Mr. Frank L. Grant, for plaintiffs in error.

Mr. F. J. Knauss, Messrs. Rogers, Johnson & Robinson, for defendants in error.

*Department Two.*

Mr. Justice Adams delivered the opinion of the court.

Hills, one of the defendants in error, and executor of the will of Harriet Sargent Hauser, deceased, filed a petition in the county court to construe such will. Jessie Ocker Gibson and Edna M. Ocker Stevenson, plaintiffs in error, answered, and claimed certain specific legacies, which the court allowed. They claimed also the entire residuary estate, which was disallowed. They bring the case here for review and ask for a supersedeas. The question of the right to the residuary estate is all that is before us. Various heirs of deceased are co-defendants in error with Hills.

The substance of Mrs. Hauser's will is as follows:

I. Provision for payment of debts and funeral expenses.

"II. I give and bequeath the sum of Five Hundred Dollars to my sister, Mrs. Belle M. Ocker, of Chicago, Illinois, and, in the event of the death of Mrs. Belle M. Ocker before that of my own, I direct her legacy be given to her daughters, Jessie D. Ocker Gibson and Edna M. Ocker Stevenson, share and share alike."

Items III to IX, both inclusive, contain sundry money bequests to other relatives and friends of the testatrix. The language is similar in each instance. Each item begins with the words, "I give and bequeath," and each directs the payment of the "legacy" to successors expressly named in the will, in the event of the death of the designated beneficiary before that of the testatrix. Item X provides for the care of a cemetery lot.

The eleventh item is the one in dispute. It is the residuary clause, and reads as follows: "XI. All the rest, residue and remainder of my property and estate and of all the property, real and personal, of which I may die seized or possessed, or to which I may be entitled at the time of my death, I do hereby give and bequeath unto my sister, Mrs. Belle M. Ocker of Chicago, Illinois."

Plaintiffs in error, Mrs. Gibson and Mrs. Stevenson, are daughters and sole heirs at law of Mrs. Ocker, referred to in the eleventh item of the will, as above quoted. Mrs. Ocker is not living. She was a sister of decedent, and predeceased the latter. Plaintiffs in error claim that they and their aunt, the testatrix, and their mother, Mrs. Ocker, had been on most intimate and affectionate terms with each other, extending over a period of many years. They also claim that these close personal relationships were not shared and enjoyed by the other relatives of Mrs. Hauser, the testatrix, and that it was her intention, in the event that Mrs. Ocker should predecease the testatrix, that all property willed to Mrs. Ocker should go to the latter's daughters, the plaintiffs in error. With this premise, counsel for plaintiffs in error argue that the will on its face is ambiguous, and that therefore they should have been permitted to prove the close connections mentioned, which had existed between them and the testatrix. They sought the admission of such proof to show the supposed intention of testatrix, and thus to establish their claim to the residuary estate, but the court struck out such matters from their answer.

The opposing contention of counsel for defendants in

error is that the will is plain, susceptible of only one interpretation, and that extraneous evidence is therefore inadmissible. They point out also that neither plaintiffs in error nor any one else are named in the will as residuary legatees in the event that Mrs. Ocker should predecease the testatrix, and assert that this being so, there was a lapsed legacy as to the residuary estate. From this, counsel for defendants in error contend that such residuum should descend and be distributed in the same manner as the estate of an intestate. The judgment of the county court sustains this view.

1. There was no fraud, duress, nor undue influence charged, nor similar elements alleged, and to determine the intention of the testatrix, we must follow the cardinal rule, and first look *at* the will, not *away* from it. Is it ambiguous? It does not appear even remotely so to us. It contains no suggestion of illiteracy, nor even informality. On the contrary, there is a freedom from unnecessary repetition; it shows a definite purpose, and, in general, the document indicates a rather exact knowledge of the meaning of legal terms, as well as an aptness and facility in giving them accurate expression. It is also noticeable that in the second item, concerning the specific five hundred dollar bequest to Mrs. Ocker, it provides that in the event of her death before that of the testatrix, Mrs. Ocker's legacy is to be given to her daughters, Jessie D. Ocker Gibson and Edna M. Ocker Stevenson, share and share alike, but the eleventh item contains no such proviso. We think that the testatrix would have said it if she had meant it to apply to the eleventh item, just as she did in the second, and also as she did in a similar way throughout items III to IX as to other bequests. There is nothing whatever in the will to indicate a purpose on the part of the testatrix to name plaintiffs in error as successors to their mother as residuary legatees, nor any reason apparent therefrom why the testatrix should not have named some one else if she had so

desired, nor why she should not have cut off plaintiffs in error entirely from her will if she had wished to do so.

A devise or bequest is not to be inferred by mere silence. The intention must be determined from some expression in the will itself, when free from doubt, and not upon some language which the testator might have had in mind, but did not use. *Blatt v. Blatt,* 79 Colo. 57, 62, 63, 243 Pac. 1099; *Hickey v. Costello,* 80 Colo. 461, 464, 251 Pac. 595; *Hignett v. Sherman,* 75 Colo. 64, 72, 224 Pac. 411; *Haggin v. International Trust Co.,* 69 Colo. 135, 138, 169 Pac. 138; *Tuckerman v. Currier,* 54 Colo. 25, 35, 129 Pac. 210; *Engelthaler v. Engelthaler,* 196 Ill. 230, 63 N. E. 669; *Bryan v. Bigelow,* 77 Conn. 604, 60 Atl. 266; 40 Cyc. 1427, 1438.

2. The presumption is against partial intestacy. *Roe v. Kavanagh,* 81 Colo. 152, 154, 254 Pac. 161; *Hignett v. Sherman, supra,* (75 Colo. 64, 84); *Westlake v. Westlake,* 83 Colo. 540, 544, 266 Pac. 714; "But this rule will not permit courts to write into a will some provision clearly omitted by the testator. 28 R. C. L. p. 227, § 189." *Westlake v. Westlake, supra.*

3. We are not unmindful of authorities which permit the reception of evidence aliunde to explain ambiguities in wills and other instruments. Counsel for plaintiffs in error cite a host of them, but there is no ambiguity to explain in the will of Harriet Sargent Hauser, deceased, therefore such citations are not in point. "Where there is no ambiguity and the language employed in the will is consistent and understandable as it is written, it is not the province of the court to ignore the unambiguous language and construct a will for the testator." *Mulcahy v. Johnson,* 80 Colo. 499, 508, 509, 252 Pac. 816.

4. We agree with the county court that there was a lapsed legacy as to the residuary estate. Having so determined, we come to the disposition to be made of such property. We have been referred to sections 5271 and 5193, C. L. 1921. Section 5271 reads as follows: "All such estate, both real and personal, as is not devised or

bequeathed in the last will of any person, shall descend and be distributed in the same manner as the estate of an intestate, and such intestate estate shall be administered by the executor or administrator, who shall be appointed to administer the testate estate.''

The court was right in ordering the distribution in accordance with the above section. The other section of the statute referred to, section 5193, C. L. 1921, reads: ''Whenever a devisee or legatee in any last will, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee or legatee, shall take the estate devised or bequeathed, as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of the testator, the estate disposed of by such devise or legacy shall be considered and treated in all respects as intestate estate.''

It will be seen at a glance that the above refers to a child or grandchild in a direct line. Plaintiffs in error are not named as devisees or legatees of the residuary estate; they are children of a collateral line, and so section 5193 has no legitimate employment here. Section 5271 is the one that functions. For a comparison of the statutes of different states concerning lapsed legacies or devises, see 40 Cyc. 1936; 28 R. C. L. page 343, § 337; Woerner on Amer. Law of Administration (3rd Ed.) page 1469, § 435.

The judgment is right.

Judgment affirmed.

Mr. Chief Justice Denison, Mr. Justice Butler and Mr. Justice Campbell concur.