No. 16,008.

CHRISTOPHER, ADMINISTRATRIX OF THE ESTATE OF LLOYD
v. COLE, EXECUTOR OF THE ESTATE OF MILLER.
(196 P. [2d] 988)

Decided July 26, 1948.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. DONALD
C. McCREERY, Mr. WILLIAM A. BRYANS, III, Mr. CHARLES
J. KELLY, for plaintiff in error.

Mr. DAVID J. MILLER, Mr. RICHARD McKINLEY, Mr. R.

472

F. Proffit, Mr. M. M. Rinn, Mr. Wade P. Connell, for defendant in error.

*In Department.*

Mr. Justice Stone delivered the opinion of the court.

The last will and testament of A. S. Miller, which was duly admitted to probate in Adams county, devised and bequeathed to Margie Lloyd certain real estate specifically described therein and "all my livestock on said land." The will contained four other devises of real estate to other beneficiaries with devise and bequest of the residue of his property to certain relatives therein named. No mention of livestock appears in the will except in connection with the devise of land to Margie Lloyd as above noted.

Following probate of the will, Margie Lloyd filed petition seeking its construction. From the judgment of the county court construing the will, appeal was duly taken to the district court where motion for summary judgment was interposed by the executor. Margie Lloyd having died, summary judgment was thereafter entered against the administratrix of her estate adjudging that Margie Lloyd took no livestock whatever under the terms of the will, and the administratrix here seeks review of that judgment.

Summary judgment should be rendered only when the pleadings, depositions, admissions and affidavits show that, except as to the amount of damages, there is no genuine issue as to any material fact. The showing on which judgment has here rendered consisted of schedule of the livestock owned by testator at his death and affidavits and stipulation that none of said livestock was on the lands devised to Margie Lloyd, either at the time of the execution of the will, or on the date of the testator's death. Upon that stipulation the court found, "that there were no livestock of the de-

ceased on the real estate devised to Margie Lloyd either at the time the will was executed or at the time of the decedent's death; that therefore there remains in this case no genuine issue as to any material fact and that considering the language of the will as applied to these facts the said Margie Lloyd or her representatives are not entitled to any of the livestock and the executor, A. G. Cole, is entitled to a judgment as a matter of law against the claim of the petitioner Della Christopher, administratrix of the estate of Margie Lloyd, deceased," and rendered judgment accordingly.

██ In the case of any bequest of chattels, evidence is required to identify specific chattels as those intended by the will. Usually such identification is so apparent as to be tacitly admitted by all concerned and no formal construction is required. Where not so admitted the proper identification of the property intended by the bequest must be determined by the court through construction of the will. In such construction the object of the court is to ascertain the intent of the testator as expressed in the will. *Pitman v. Colorado Nat. Bank*, 113 Colo. 373, 158 P. (2d) 186. Where the will is unambiguous in meaning and in its application to specific property, evidence is not admissible to show intent contrary to that apparent from the plain meaning and application of its words. Where, however, the words of the will defined according to ordinary usage are uncertain in their application to specific property of the testator, or where as so defined they cannot apply to any of his property at all, and the bequest so construed is without sense or meaning, then and in such case extrinsic evidence is admissible as to the situation of the testator and the circumstances surrounding him when the will was made. It is presumed that the testator intended such bequest to make sense and meaning, and the task of the court is to determine the meaning intended by the testator, and sustain it if legally possible. Extrinsic evidence is received in order that the court may be

placed as nearly as possible in the position of the testator to the end that thereby the intended meaning of the words of the will may be found.

This rule is well stated in a recent text. "While a testator is presumed to have used words according to their strict and primary acceptation, so that when there is nothing in the context showing a different purpose, and the words so interpreted are sensible when applied to the extrinsic facts to which they refer, parol evidence will not be admitted to show that the words were used in some other or popular sense; yet if the words are insensible or meaningless in their strict or primary meaning with reference to the extrinsic facts and circumstances, the court will look at all the circumstances surrounding the testator at the time, to see whether the language of the will can be rendered sensible with reference to those circumstances by giving the words used some other proper but secondary meaning." 57 Am. Jur., §1096. So it was held in *In re Eumorfopoulos*, 1944 Law Reports, Chancery Division 133, that a bequest of "contents of my house, No. 7 Chelsea Embankment" was not intended to include a set of gold plate which was kept by the testator in his bank except on special occasions when it was brought to his house and placed with the rest of his collection for exhibition purposes, but that it did include articles which were usually kept in the testator's house but had been removed to the country for greater safety at the outbreak of the war, and articles which were normally kept in the testator's house, but were at his death, in America where they had been sent for exhibition.

In *Lyon v. Safe Deposit and Trust Co.*, 120 Md. 514, 87 Atl. 1089, a bequest of securities "in a box in the vault of my firm" was held to bequeath securities contained in safes which were used in place of the vault after it was destroyed by fire. In *Patch v. White*, 117 U.S. 210, 6 Sup. Ct. 617, 29 L. Ed. 860, testator devised "lot numbered six, in square four hundred and three,

together with the improvements thereon erected." The property described in the devise was not owned by testator and was not improved, but extrinsic evidence was received to show his intent to devise lot number three in square four hundred and six which was improved and owned by the testator. The court there quotes from Chief Justice Marshall in *Finlay v. King's Lessee*, 3 Pet. 346, 377: "The intent of the testator is the cardinal rule in the construction of wills; and if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail; although in giving effect to it some words should be rejected, or so restrained in their application, as materially to change the literal meaning of the particular sentence."

The testator in the instant case intended some meaning by his bequest to Margie Lloyd of "all my livestock on said land." He must have had in mind certain livestock which seemed to him capable of being identified by the phrase "on said land." The trial court could not say: There was no livestock on the land, therefore no livestock was intended to be bequeathed. It could only say: There was no livestock on the land, therefore the intended bequest of the testator must fail. It may be that no available evidence as to the circumstances under which the testator made the will, or as to his belief regarding the existing or subsequent disposition of the livestock, or his declarations or conduct in connection therewith, may disclose what was his true intent, and that in the end the bequest indeed must fail; but before such conclusion is reached it is the duty of the court to receive and weigh all available evidence with the purpose, if possible, of determining and carrying out testator's intent.

Accordingly the judgment is reversed and the case remanded for further proceedings consistent herewith.

Mr. Chief Justice Burke and Mr. Justice Hays concur.