No. C-232

In the Matter of the Estate of Katharine C. Dewson, Deceased. Sybil Smith Downing, Mancourt Downing, and Milton C. Garwood, as Guardian ad Litem v. Malcolm C. Smith, Ilda R. Smith, and Herbert J. Newcomb, as Guardian ad Litem

(509 P.2d 311)

Decided April 9, 1973. Opinion modified and as modified rehearing denied May 29, 1973.

Milton C. Garwood, attorney pro se.

Martin, Knapple & Johnson, James G. Martin, Helen Garfield, for petitioners.

Herbert J. Newcomb, attorney pro se.

Harry A. King, M. B. Holt, Jr., for respondents.

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the decision of the Court of Appeals in *Est. of Dewson v. Jacobs,* 30 Colo. App. 431, 496 P.2d 319. The Court of Appeals reversed the ruling of the probate court of the City and County of Denver, which found the following will clause to be clear and unambiguous, the construction of which was in controversy:
"A. My trustee shall divide my [residuary] property into two trust funds for the benefit of my children hereinafter named; said trust funds to be equal in amount, except that the trust fund for my son shall be increased by the sum of $49,000 by reason of gifts heretofore made to my said daughter in like amount."
We agree with the probate court and reverse the judgment of

the Court of Appeals.

The executor filed his petition for construction of the bequest in question, alleging that the testatrix, during her lifetime and before executing her will, gave to her daughter $98,000 in trust for the use and benefit of the daughter and her children; that the testatrix did not make any gift during her lifetime to her son; and that a controversy had arisen between the son and daughter as to whether the testatrix intended by the will clause in question to equalize her gifts to her son and daughter.

After hearing on the petition, the probate court concluded that the bequest was not ambiguous, that the intent of the testatrix could and should be determined from the language used in the will, and that extrinsic evidence should not be admitted, as urged by the executor. The court then construed and interpreted the bequest so that the sum of $49,000 be first deducted from the residuary estate and be allocated to the son's trust fund; and that the remaining balance be divided equally between the son and daughter, with the result that the son would receive a trust estate $49,000 larger than the trust estate of the daughter.

Under the interpretation as urged by the son (assuming extrinsic evidence was properly admissible and that the allegations of the petition for construction were supported by such evidence), the residuary estate would first be divided in two, one-half to be allocated to each beneficiary; then $49,000 was to be deducted from the daughter's share and added to the son's share, resulting in a trust estate for the son $98,000 larger than the trust estate for the daughter.

The Court of Appeals found the language of the bequest ambiguous and ordered that the probate court permit the introduction of extrinsic evidence to resolve the ambiguity.

 In construing wills, the cardinal rule is to ascertain the intent of the testator *from the will* and to give it effect if the same is not contrary to law or against public policy. *Meier v. Denver U.S. National Bank,* 164 Colo. 25, 431 P.2d 1019; *Heinneman v. Colorado College,* 150 Colo. 515, 374 P.2d 695; *Pitman v. Colorado National Bank,* 113 Colo. 373,

158 P.2d 186; *Bacon v. Nichols,* 47 Colo. 31, 105 P. 1082. When the terms of a bequest are unambiguous, it is not permissible to consider extrinsic evidence which casts doubt upon the meaning of the language used and which renders such language susceptible to a different meaning. In other words, an unambiguous will may not be explained by extrinsic evidence so as to dispute its plain meaning. As stated in *In Re Estate of Newby,* 146 Colo. 296, 361 P.2d 622:

"If the courts were permitted to resort to evidence *dehors* a last will and testament when called upon to construe such an instrument, the terms of which are plain and unambiguous and need no construction, such practice would in many cases rewrite the will by court decree, thwart the intention of the testator, and violate the statute of wills."

*See also: Heinneman v. Colorado College, supra; Pitman v. Colorado National Bank, supra; Gibson v. Hills,* 84 Colo. 596, 272 P. 660; *Mulcahy v. Johnson,* 80 Colo. 499, 252 P. 816. We are concerned with protecting the integrity of testamentary dispositions and insuring that a testator's intentions, when readily ascertainable, will be carried out as written, absent a violation of law or declared public policy.

■ In our opinion, the will clause is clear and unambiguous. We do not find the language to be uncertain or inaccurate. The words used, in their ordinary and popular signification, convey the meaning that the testatrix intended her son to have a trust estate established which would be $49,000 larger in amount than the trust fund established for her daughter. Had the intent been to create a fund for the son of $98,000 larger than that for the daughter, that figure would have been used. Further, had the intent been to equalize the totality of the inter vivos and testamentary gifts as between the son and daughter — a construction which the son urges us to adopt and which would presumably be more equitable to him — appropriate words would have been used to express such intent. We do not read such an intent into the language of the bequest.

In support of its conclusion, the Court of Appeals relies

upon *Christopher v. Cole,* 118 Colo. 471, 196 P.2d 988. That case, however, involved a bequest of livestock existing at the time the will was executed but which could not be located when the testator died. Since the bequest at the time of testator's death was meaningless, this Court held that before the bequest would be allowed to fail, extrinsic evidence should be admitted to aid in identifying the specific chattels as those intended to be given by the will. In the present case, there is no failure of the subject of the bequest — the residuary estate. We do not find the quoted language from *Christopher v. Cole, supra,* to be applicable to the facts of this case.

The judgment is reversed and the ruling of the probate court of the City and County of Denver affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE KELLEY dissent.

MR. JUSTICE DAY dissenting:

I respectfully dissent. It is my view that the majority opinion has gone directly contrary to the language in the will. The majority opinion says that it is plain that $49,000 is to be deducted from the residuary estate and that the balance is then to be divided equally.

This is not, I assert, anywhere close to what the will states. Taking the paragraph and following the first step, it is plainly stated the trustee shall divide the residuary property into two trust funds, said trust funds to be equal in amount. If this is done, then two funds of $149,000 are created, just as the Court of Appeals stated. Then if the son's trust fund is increased by $49,000, obviously the other trust fund will be reduced by the same amount, and although mathematically that creates a difference in the amount left, I cannot find any authority in the wording of the will to provide for the residuary estate to be first reduced by $49,000 and then divided.

I think it might well be said that the instructions in the will, if followed, are clear and will produce the mathematical result which extraneous evidence might indicate was

intended. I see no harm then in making a declaration that the paragraph is ambiguous because it is subject to more than one interpretation. If in fact the daughter got $98,000 in her lifetime, the scrivener, in view of the mathematical result of following the language in the will, may have pre-calculated the result before the paragraph was written so as to produce the division which the son is contending for.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY authorize me to state that they join in this dissent.