MR. JUSTICE LEE
delivered the opinion of the Court.
We granted certiorari to review the decision of the Court of Appeals in Est. of Dewson v. Jacobs, 30 Colo. App. 431, 496 P.2d 319. The Court of Appeals reversed the ruling of the probate court of the City and County of Denver, which found the following will clause to be clear and unambiguous, the construction of which was in controversy:
“A. My trustee shall divide my [residuary] property into two trust funds for the benefit of my children hereinafter named; said trust funds to be equal in amount, except that the trust fund for my son shall be increased by the sum of $49,000 by reason of gifts heretofore made to my said daughter in like amount.”
We agree with the probate court and reverse the judgment of *191 the Court of Appeals.
The executor filed his petition for construction of the bequest in question, alleging that the testatrix, during her lifetime and before executing her will, gave to her daughter $98,000 in trust for the use and benefit of the daughter and her children; that the testatrix did not make any gift during her lifetime to her son; and that a controversy had arisen between the son and daughter as to whether the testatrix intended by the will clause in question to equalize her gifts to her son and daughter.
After hearing on the petition, the probate court concluded that the bequest was not ambiguous, that the intent of the testatrix could and should be determined from the language used in the will, and that extrinsic evidence should not be admitted, as urged by the executor. The court then construed and interpreted the bequest so that the sum of $49,000 be first deducted from the residuary estate and be allocated to the son’s trust fund; and that the remaining balance be divided equally between the son and daughter, with the result that the son would receive a trust estate $49,000 larger than the trust estate of the daughter.
Under the interpretation as urged by the son (assuming extrinsic evidence was properly admissible and that the allegations of the petition for construction were supported by such evidence), the residuary estate would first be divided in two, one-half to be allocated to each beneficiary; then $49,000 was to be deducted from the daughter’s share and added to the son’s share, resulting in a trust estate for the son $98,000 larger than the trust estate for the daughter.
The Court of Appeals found the language of the bequest ambiguous and ordered that the probate court permit the introduction of extrinsic evidence to resolve the ambiguity.
In construing wills, the cardinal rule is to ascertain the intent of the testator from the will and to give it effect if the same is not contrary to law or against public policy. Meier v. Denver U.S. National Bank, 164 Colo. 25, 431 P.2d 1019; Heinneman v. Colorado College, 150 Colo. 515, 374 P.2d 695; Pitman v. Colorado National Bank, 113 Colo. 373, *192 158 P.2d 186; Bacon v. Nichols, 47 Colo. 31, 105 P. 1082. When the terms of a bequest are unambiguous, it is not permissible to consider extrinsic evidence which casts doubt upon the meaning of the language used and which renders such language susceptible to a different meaning. In other words, an unambiguous will may not be explained by extrinsic evidence so as to dispute its plain meaning. As stated in In Re Estate of Newby, 146 Colo. 296, 361 P.2d 622:
“If the courts were permitted to resort to evidence dehors a last will and testament when called upon to construe such an instrument, the terms of which are plain and unambiguous and need no construction, such practice would in many cases rewrite the will by court decree, thwart the intention of the testator, and violate the statute of wills.”
See also: Heinneman v. Colorado College, supra; Pitman v. Colorado National Bank, supra; Gibson v. Hills, 84 Colo. 596, 272 P. 660; Mulcahy v. Johnson, 80 Colo. 499, 252 P. 816. We are concerned with protecting the integrity of testamentary dispositions and insuring that a testator’s intentions, when readily ascertainable, will be carried out as written, absent a violation of law or declared public policy.
In our opinion, the will clause is clear and unambiguous. We do not find the language to be uncertain or inaccurate. The words used, in their ordinary and popular signification, convey the meaning that the testatrix intended her son to have a trust estate established which would be $49,000 larger in amount than the trust fund established for her daughter. Had the intent been to create a fund for the son of $98,000 larger than that for the daughter, that figure would have been used. Further, had the intent been to equalize the totality of the inter vivos and testamentary gifts as between the son and daughter — a construction which the son urges us to adopt and which would presumably be more equitable to him — appropriate words would have been used to express such intent. We do not read such an intent into the language of the bequest.
In support of its conclusion, the Court of Appeals relies *193 upon Christopher v. Cole, 118 Colo. 471, 196 P.2d 988. That case, however, involved a bequest of livestock existing at the time the will was executed but which could not be located when the testator died. Since the bequest at the time of testator’s death was meaningless, this Court held that before the bequest would be allowed to fail, extrinsic evidence should be admitted to aid in identifying the specific chattels as those intended to be given by the will. In the present case, there is no failure of the subject of the bequest — the residuary estate. We do not find the quoted language from Christopher v. Cole, supra, to be applicable to the facts of this case.
The judgment is reversed and the ruling of the probate court of the City and County of Denver affirmed.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE KELLEY dissent.